UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MACEY E. TURLEY, JR.,<br><br>　　　　　　　　　　Petitioner,<br><br>v.<br><br>A. PETERSON,<br><br>　　　　　　　　　　Respondent. | Case No.: 23cv0123-RBM (NLS)<br><br>**ORDER GRANTING REQUEST TO PROCEED IN FORMA PAUPERIS AND NOTIFYING PETITIONER OF OPTIONS TO AVOID DISMISSAL OF PETITION** |

Petitioner, a state prisoner proceeding pro se, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) Attached to the Petition are copies of Petitioner's inmate trust account statement which the Court construes as a request to proceed in forma pauperis. (ECF No. 1-2 at 1-2.)

### REQUEST TO PROCEED IN FORMA PAUPERIS

Petitioner has $0.03 on account at the California correctional institution in which he is presently confined (ECF No. 1-2 at 1), and cannot afford the $5.00 filing fee. Thus, the Court **GRANTS** Petitioner's application to proceed in forma pauperis.

### FAILURE TO ALLEGE EXHAUSTION OF STATE COURT REMEDIES

It does not appear that state court remedies have been exhausted as to any claim in the Petition. Habeas petitioners who wish to challenge either their state court conviction or the length of their confinement in state prison must first exhaust state judicial remedies.

1

*See* 28 U.S.C. § 2254(b), (c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987); *see also Picard v. Connor*, 404 U.S. 270, 275 (1971) ("[A] state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus.")  "A petitioner has satisfied the exhaustion requirement if: (1) he has 'fairly presented' his federal claim to the highest state court with jurisdiction to consider it," which in this case is the California Supreme Court, "or (2) he demonstrates that no state remedy remains available." *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996) (citations omitted); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.")  The claims presented in the federal courts must be the same as those exhausted in state court and the petitioner must also allege, in state court, how one or more of his federal rights have been violated. *See Picard*, 404 U.S. at 276 ("Only if the state courts have had the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding does it make sense to speak of the exhaustion of state remedies.  Accordingly, we have required a state prisoner to present the state courts with the same claim he urges upon the federal courts."); *see also Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) ("If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution.  If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.")

      Petitioner indicates he has not raised his claims on appeal and did not seek review in the California Supreme Court. (*See* ECF No. 1 at 5-6.)  In *Rose v. Lundy*, 455 U.S. 509 (1982), the United States Supreme Court adopted a "total exhaustion rule" which requires federal courts to dismiss habeas petitions brought pursuant to § 2254 which do not contain only exhausted claims. *Id*. at 522.  Because the one-year statute of limitations imposed on § 2254 habeas petitions after *Rose* was decided created a risk of a claim dismissed under

*Rose* becoming time-barred, the Court approved of a procedure by which the Petition is stayed while the Petitioner returns to state court to exhaust.  *See Rhines v. Weber*, 544 U.S. 269, 278 (2005); *see also Mena v. Long*, 813 F.3d 907, 912 (9th Cir. 2016) (holding that a *Rhines* stay may be appropriate even for a fully unexhausted petition).  A federal habeas court may grant a *Rhines* stay when (1) "the petitioner had good cause for his failure to exhaust," (2) "his unexhausted claims are potentially meritorious," and (3) "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Rhines*, 544 U.S. at 278.

The following options are available to Petitioner to avoid a future dismissal for presenting a Petition with only unexhausted claims.

### i) First Option:  Demonstrate Exhaustion

Petitioner may file a document in which he alleges he has exhausted the claims in the Petition.  If Petitioner chooses this option, the document is due no later than **March 1, 2023**.

### ii) Second Option:  Voluntarily Dismiss the Petition

Petitioner may move to voluntarily dismiss his entire federal petition and return to state court to exhaust the unexhausted claims.  Petitioner may then file a new federal petition containing only exhausted claims.

Petitioner is cautioned that any new federal petition must be filed before expiration of the one-year statute of limitations.  Ordinarily, a petitioner has one year to file his federal petition from when his conviction becomes final, unless he can show that statutory or equitable "tolling" applies.[1]

---

[1] 28 U.S.C. § 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

The statute of limitations does not run while a properly filed state habeas corpus petition is pending. 28 U.S.C. § 2244(d)(2); *see Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999); *but see Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings."); *Bonner v. Carey*, 425 F.3d 1145, 1149 (9th Cir. 2005) (holding that a state application for post-conviction relief which is ultimately dismissed as untimely was neither "properly filed" nor "pending" while it was under consideration by the state court, and therefore does not toll the statute of limitations), as amended 439 F.3d 993. However, absent some other basis for tolling, the statute of limitations continues to run while a federal habeas petition is pending. *Duncan*, 533 U.S. at 181-82.

If Petitioner chooses this second option, he must file a voluntary dismissal with this Court no later than **March 1, 2023**.

### iii) Third Option: File a Motion to Stay the Federal Proceedings

Petitioner may file a motion to stay this federal proceeding while he returns to state court to exhaust his unexhausted claims. If Petitioner wishes to use the *Rhines* procedure

---

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgement or claim is pending shall not be counted toward any period of limitation under this subsection.

he must demonstrate there are arguably meritorious claim(s) which he wishes to return to state court to exhaust, that he is diligently pursuing his state court remedies with respect to those claim(s), and that good cause exists for his failure to timely exhaust his state court remedies. *Rhines*, 544 U.S. at 277-78. If Petitioner chooses this third option, he must file a Motion for a stay of his Petition no later than **March 1, 2023**.

## CONCLUSION AND ORDER

For the foregoing reasons, Petitioner's application to proceed in forma pauperis is **GRANTED** and Petitioner is **NOTIFIED** that his Petition as currently drafted is subject to dismissal for failure to allege exhaustion of state court remedies. If Petitioner wishes to proceed with this matter, he must, on or before **March 1, 2023**, notify the Court which of the options outlined above he chooses. If Petitioner fails to notify the Court of his choice of option this action will be dismissed without prejudice.

**IT IS SO ORDERED**.

Dated: January 26, 2023

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE